

**Scott B. McBride**
Partner

One Lowenstein Drive
Roseland, New Jersey 07068

**T**: 973.597.6136
**F**: 973.597.2400
**E**: smcbride@lowenstein.com

November 27, 2019

VIA ELECTRONIC FILING

Hon. Madeline Cox Arleo
United States District Judge
United States District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

**Re:** *United States v. Creaghan Harry,* **Crim. No. 19-246 (MCA)**

Dear Judge Arleo:

Please accept this letter-brief in lieu of a more formal motion under L. Civ. R. 7.1(i), as incorporated by L. Crim. R. 1.1, for reconsideration of this Court's Order, dated November 13, 2019, denying defendant Harry Creaghan's motion to compel production of the government's seizure warrant affidavits. Specifically, Mr. Harry respectfully submits that the Court overlooked two dispositive factual matters presented to it. *See Rich v. State of New Jersey*, 294 F. Supp. 3d 266, 272-73 (D.N.J. 2018) (Martinotti, J.).

First, the Court stated in its Order that "the Government has not yet executed its seizure warrant, and therefore, Defendant has no present right to examine the affidavits underlying that warrant." (Order of 11/13/19, at 2.) To the contrary, there are multiple seizure warrants in this matter, and the government long ago executed all those warrants except for the warrants to seize a Ferrari and a yacht. It is the affidavits for the former, all of which are for bank accounts (*see* Def.'s Br. of 10/14/19, at ¶1 n.1), that Mr. Harry needs to seek a *Jones-Farmer* hearing for the release of funds for payment of his legal defense. *See United States v. Yusuf*, 199 F. App'x 127, 132 (3d Cir. 2006) (citing *United States v. Jones,* 160 F.3d 641, 647 (10th Cir. 1998), and *United States v. Farmer,* 274 F.3d 800, 803 (4th Cir. 2001)). This overlooked fact was critical to the Court's analysis. *See Rich*, 294 F. Supp. 3d at 272-73.

Second, the Court wrote "that the Government states that it intends to produce the Affidavits—in whole or redacted form—to Defendant by the January 10, 2020 status conference." (Order of 11/13/19, at 2.) Actually, the government stated only that it "will be prepared to *specify a time* for their production (either in whole or in redacted form) *by* the January 10, 2020 status conference." (Gov't's Opp. Br. of 10/28/19, at 2.) It has not represented that Mr. Harry will receive the affidavits by that time, and the timing of the government's production is plainly critical to the purpose of Mr. Harry's application.

NEW YORK   PALO ALTO   NEW JERSEY   UTAH   WASHINGTON, D.C.   Lowenstein Sandler LLP

Hon. Madeline Cox Arleo  November 27, 2019
Page 2

For these reasons, Mr. Harry respectfully submits that the Court should reconsider its Order of November 13, 2019, and grant his application for an order compelling production of the affidavits.

Respectfully submitted,

/s/ Scott B. McBride
Scott B. McBride

cc:	Trial Attorneys Jacob Foster and Darren C. Halverson

