UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 19-246-MCA |
| | : | |
| CREAGHAN HARRY, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
THE INDICTMENT FOR VIOLATION OF THE SPEEDY TRIAL ACT**

Defendant Creaghan Harry ("Harry" or "Defendant") seeks dismissal of the indictment in this matter due to an alleged expiration of time under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* (the "STA").  Defendant's motion ignores both the plain language of the STA and the Court's continuance orders excluding time under the STA in this action.  For the reasons set forth below, Defendant's motion should be denied.

**BACKGROUND**

**A.     Procedural History**

Defendant was indicted on April 5, 2019, with one count of conspiracy to defraud the United States and to pay and receive health care kickbacks, four counts of receiving kickbacks, and one count of conspiracy to commit money laundering.  ECF # 1.  Defendant was arrested in the Southern District of Florida on April 9, 2019 and appeared before a Magistrate in that district the same day, *see* ECF # 7.  Defendant's initial appearance in the District of New Jersey did not occur until May 23, 2019, and Defendant was detained by court order.  ECF #

13.  On May 30, 2019, Magistrate Judge Dickson held a hearing on Defendant's bail application, ordered Defendant detained, and reserved decision on Defendant's bail application.  ECF # 19–21.  On June 27, 2019, Defendant was arraigned and a continuance order was entered excluding time under the STA until August 23, 2019.  ECF # 25, 28.

On August 22, 2019, a continuance order was entered that excluded time under the STA from August 22, 2019 through October 3, 2019.  ECF # 45.  On October 3, 2019, a status conference and hearing on the government's motion for protective order was held during which a continuance until January 10, 2020, was ordered for purposes of allowing defense to review voluminous discovery and "tak[ing] a little bit of time to get through all of these documents" produced to Defendant.  Tr. 28:12–24.  On November 15, 2019, Magistrate Judge Dickson entered an opinion on Defendant's bail motion that set conditions of release and ordered Defendant remain detained until the conditions are satisfied.  ECF # 85, 86.  On November 26, 2019, the government filed a motion for reconsideration of Judge Dickson's order regarding Defendant's bail.  ECF # 82.

On January 17 and 29, 2020, the Court entered continuance orders that excluded time under the STA from January 10, 2020 through January 21, 2020, and from January 23, 2020 through January 28, 2020.  ECF # 93, 98.

On April 13, 2022, Defendant filed the instant motion arguing that the indictment should be dismissed pursuant to the STA because "88-days of non-excludable time has elapsed between Defendant's initial appearance on April 9,

2019 and the ends of justice continuance ordered on January 23, 2020." ECF #

247 at 3.[1]

## **ARGUMENT**

### A.   **The Speedy Trial Act is Tolled for Many Case-Related Causes**

The STA requires that, in criminal cases, a defendant's trial begin within

70 days of the defendant's indictment or initial appearance "before a judicial

officer of the court in which the charge is pending," whichever occurs later.   18

U.S.C. § 3161(c)(1).   Certain periods of time, however, are excluded from this 70-

day clock.   *Id.* § 3161(h).   Some periods of time are automatically excluded,

including periods of delay "resulting from any pretrial motion, from the filing of

the motion through the conclusion of the hearing on, or other prompt disposition

of, such motion."   *Id.* § 3161 (h)(1)(D).   Other periods of time are excluded only

---

[1] Defendant does not argue that any non-excludable time elapsed after the Court's continuance order on January 23, 2020.  Between January 23, 2020 and the present, due to motion practice, continuance orders entered by the Court, or standing orders related to COVID-19 entered by Chief Judge Wolfson that excluded time under the STA, only eight days of non-excludable time have elapsed under the STA:  On January 28, 2020, the Court entered a continuance order that excluded time under the STA from January 28, 2020 until April 1, 2020.  ECF # 96.  Between March 16, 2020 and June 1, 2021, the Chief Judge entered Standing Orders suspending all in-person judicial proceedings and excluding time under the STA due to the COVID-19 pandemic.  *See* ECF # 102, 117, 126, 142, 145, 159, 164.  On June 23, 2021, the Court entered a continuance order excluding time under the STA between June 1, 2021 through August 31, 2021.  ECF # 186.  On July 16, 2021, defendant filed a motion to dismiss the indictment.  ECF # 188.  The Court held a hearing on the motion to dismiss on October 18, 2021.  ECF # 128. Between September 9, 2021, and the present, the Court entered consecutive orders excluding time under the STA from September 9, 2021 through July 21, 2022.  ECF # 206, 220, 230, 243, 251.  In addition, on December 29, 2021, the Chief Judge entered an order excluding time from December 29, 2021 and January 31, 2022.  ECF # 234.  In addition to the above, there was continuous motion practice during the entire period.

when a judge continues a trial and finds, on the record, that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  *Id.* § 3161(h)(7)(A).  The judge may grant such a continuance on the judge's "own motion" or at the request of the defendant or the government.  *Id.*

The STA lists several non-exclusive factors for the court to consider in its ends of justice analysis.  *Id.* § 3161(h)(7)(B).  These factors include whether the failure to continue the proceeding "would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice."  *Id.* § 3161(h)(7)(B)(i).  A continuance on this basis does not require the defendant's consent.  *See United States v. Jones*, 795 F.3d 791, 798 (8th Cir. 2015); *United States v. Tulu*, 535 F. Supp. 2d 492, 499 (D.N.J. 2008) (Wolfson, J.) ("Nothing in the [STA] requires that the defendant consent to a continuance.  Rather, a court can grant a continuance, over defendant's objection, upon the government's motion, or on its own motion.").

The STA provides that if "a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h)," the indictment "shall be dismissed on motion of the defendant."  18 U.S.C. § 3162(a)(2).

**B.    The Speedy Trial Clock Has Not Expired**

Defendant's motion is based on incorrect calculations of excluded time and misapplication of the STA.  Defendant moves the Court to dismiss the indictment under the STA based on the incorrect assertion that "88-days of non-excludable time [] elapsed between Defendant's initial appearance on April 9, 2019 and . . .

January 23, 2020."  ECF # 247 at 3.  Defendant is incorrect for two reasons. First, Defendant's estimate of 88 days incorrectly includes 27 days before the STA clock even began to run on May 23, 2019.  Second, Defendant's estimate incorrectly includes 61 days between May 23, 2019, and January 23, 2020—in fact, only eight days elapsed during that period.

1. **Defendant is Incorrect that 27 Days Elapsed Between April 9, 2019 and May 23, 2019**

Defendant's argument that time under the STA began to run on April 9, 2019, is plainly incorrect as "[t]he Speedy Trial Act provides that the speedy trial clock begins on the filing date 'of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which the charge is pending, *whichever date last occurs.*'"  *United States v. Robinette*, 177 F. Supp. 2d 279, 285 (D. Del. 2001) (citing 18 U.S.C. § 3161(c)(1)) (emphasis added); *see also United States v. Lynch*, 726 F.3d 346, 352 (2d Cir. 2013) (STA clock did not begin to run for defendant arrested in the District of New Jersey until defendant was arraigned on indictment in District of Connecticut, which was "his first appearance in the court in which he was charged on that indictment); *United States v. Wickham*, 30 F.3d 1252, 1254 (9th Cir. 1994) (holding that even though the defendant was deemed indicted while in Texas, his STA period only began when he first appeared in court in California in the district in which the indictment was pending).  Thus, the speedy trial period did not begin until May 23, 2019, when Defendant first appeared in the District of New Jersey and was subsequently detained.  *See id.* at 285 ("Where the indictment is issued before arrest, however, the first appearance before a judicial officer in the

court where the indictment has been filed is the event that triggers a defendant's speedy trial rights.").

For this reason alone, Defendant's motion should be denied as even if the remainder of his calculations under the STA were correct, which they are not, only 61 days of non-excludable time would have elapsed as Defendant's estimate of 88 days incorrectly includes 27 days before the STA clock even began to run.

### 2. Defendant Is Incorrect that 61 Days Elapsed Between May 23, 2019, and January 23, 2020

Defendant's analysis, however, includes additional miscalculations and mischaracterizations of the docket in this action.   Defendant incorrectly calculates that 61 days elapsed under the STA between May 23, 2019, and January 23, 2020, but only eight days elapsed under the STA, not the 61 days (or the total of 88 days, as discussed above) that Defendant alleges.

Once the clock began to run on May 23, 2019, seven days admittedly elapsed before Defendant made an application for bail on May 30, 2019, on which a hearing was held and decision was reserved.  ECF # 20, 21.  After that point, however, only one-day, on January 22, 2020, ran, as the STA was tolled on all other days due to (a) motion practice and/or (b) court ordered continuances.

### a. Continuances Tolled the STA Between June 27, 2019, and January 23, 2020

Based on ends-of-justice continuances alone and not considering the time excluded due to Defendant's May 30, 2019 bail application, discussed further below, only 35 days would have elapsed between May 23, 2019 and January 23,

6

2020 (34 days between May 23, 2019 and June 27, 2019, and 1 day on January 22, 2020).  The Court properly entered continuances to exclude time from June 27, 2019, to January 23, 2020, including for time periods that Defendant waived his rights under the STA.  Thus, while Defendant's bail application was pending, tolling the STA clock beginning May 30, 2019, the Court also tolled time through continuances.  Continuances were ordered by the Court under which time was excluded between June 27, 2019, and January 23, 2020, with the exception of one day on January 22, 2020, including continuances entered on June 27, 2019 (ECF # 28), August 22, 2019 (ECF # 45), October 3, 2019 (ECF # 66), and January 23, 2020 (ECF # 94).

Defendant may argue that unlike all of the other continuances between June 27, 2019, and January 23, 2020, one trial continuance—entered on October 3, 2019—did not specifically state that time was excluded "under the STA" or include the words "end of justice."  But that would be incorrect because the Third Circuit has held that time resulting from a continuance is excluded under the STA so long as the district court "state[s] reasons contemporaneously with an order continuing trial that *demonstrate* an ends-of-justice finding" and need not "actually us[e] the words 'ends of justice' or refer[] to the statute at the time of the continuance."  *United States v. Lattany*, 982 F.2d 866, 879 (3d Cir. 1992); *see also United States v. Sampson*, No. 4:07-CR-389, 2011 WL 1357526, at *6 (M.D. Pa. Apr. 11, 2011); *United States v. Boone*, No. CRIM.00-3 JBS, 2002 WL 31761364, at *8 (D.N.J. Dec. 6, 2002).  The transcript of the conference and hearing on October 3, 2019 makes clear that the Court continued the trial in

7

this action until January 10, 2019 (approximately 90 days) in order to allow Defendant to review voluminous discovery. *See* Tr. 28:12–24 ("But I will set a status conference in 90 days, and we can see where we are in terms of discovery. I think it's going to take a little bit of time to get through all of these documents."). Thus, time was excluded under the STA pursuant to the Court's continuance between October 3, 2019, and January 10, 2020. *See* 18 U.S.C. § 3161(h)(7)(B) (one factor to consider in the case of an "ends-of-justice" continuance is "[w]hether the case is so . . . complex, due to . . . the nature of the prosecution . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section").[2]

This is particularly true because counsel for the Defendant emailed counsel for the government prior to the October 3, 2019, hearing to inform the government that Defendant would be seeking a continuance and waiving the STA at the hearing. *See, e.g.*, *United States v. Villalobos*, 560 F. App'x 122, 124 (3d Cir. 2014) ("the fact that defense counsel jointly applied for these continuances with the Government is fatal to his claim" that the STA clock expired as

---

[2] Out of an abundance of caution, the government requests that the Court enter an order confirming that this October 3, 2019 continuance was an ends-of-justice continuance that excluded time under the STA. *See United States v. Mayfield*, 361 F. App'x 425, 429–30 (3d Cir. 2010) (upholding denial of motion to dismiss indictment on STA grounds and noting that where district court granted a continuance and articulated the reasons for it, but did not at the time specifically cite the STA or "ends-of-justice" continuance, time was excluded pursuant to the continuance and the district court properly entered a formal order several months later that was "[a] subsequent articulation" of the reasons for the continuance that "satisfie[d] the purpose of the statute.").

"defendants cannot request continuances and then claim a violation of the Speedy Trial Act when the continuances are granted"); *United States v. Fields*, 39 F.3d 439, 443 (3d Cir. 1994) (holding that "[t]he defendant's arguments are disturbing because he would have us order the dismissal of his indictment based on continuances that his own attorney sought"); *Lattany*, 982 F.2d at 883 ("Defendants cannot be wholly free to abuse the system by requesting (h)(8) continuances and then argue that their convictions should be vacated because the continuances they acquiesced in were granted."); *United States v. Tulu*, 535 F. Supp. 2d 492, 503 (D.N.J. 2008) ("Every continuance granted in this case was consummated with the consent of both parties, thus the Government cannot be held to have taken any specific action to have violated Defendant's speedy trial right."). Defendant consented to all of the continuances entered between June 27, 2019, and January 23, 2020, including the continuance entered on October 3, 2019, thus his argument that his speedy trial right has been violated is disingenuous. Indeed, to this day Defendant continues to insist that continuances are necessary because he is not prepared for trial due to the amount of discovery in this case.

> **b.    Motion Practice Tolled the STA Between May 30, 2019, and January 31, 2020**

As noted above, even if the Court had not entered ends-of-justice continuances, the STA was also tolled on several occasions as a result of motion practice between May 30, 2019, and January 31, 2020. Indeed, due to motion practice alone and not considering the continuances discussed above, only 26 days of non-excludable time would have elapsed between May 23, 2019 and

January 23, 2020 (7 days between May 23, 2019 and May 30, 2019, 11 days between November 15, 2019 and November 26, 2019, and 8 days between January 15, 2020 and January 23, 2020).

The relevant provisions of the STA excluding time due to pretrial motions are Section 3161(h)(1)(D), which excludes "delay resulting from any pretrial motion, from the filing of the motion *through the conclusion of the hearing* on, *or* other *prompt disposition[3]* of, such motion," and Section 3161(h)(1)(H), which excludes "delay reasonably attributable to any period, *not to exceed thirty days*, during which any proceeding concerning the defendant is actually *under advisement* by the court." 18 U.S.C. §§ 3161(h)(1)(D) and (H) (emphasis added). Reading these two provisions together, when a pretrial motion is filed, time is excluded under subsection (D) from the filing of the motion through responses to the conclusion of any hearing on that motion, at which time, subsection (H) is triggered and up to thirty (30) days are excluded while the motion is under advisement by the court. In addition, the Supreme Court has held that subsection (D) also excludes any time following the hearing that is required for filing briefs and additional materials necessary for proper disposition of the motion. *See Henderson v. United States*, 476 U.S. 321, 331 (1986). Following the completion and filing of all necessary submissions on a motion, up to 30 days may be excluded from Speedy Trial calculations. *See United States v.*

---

[3] "[P]rompt disposition" of a motion under section 3161(h)(1)(D) is read in conjunction with section 3161(h)(1)(H) and has been interpreted to mean disposition of a motion within thirty days of that motion's being "under advisement" by a court. *Henderson*, 476 U.S. at 329.

*Felton*, 811 F.2d 190, 195 (3d Cir. 1987); *United States v. Rinaldi*, No. 3:18-CR-279, 2020 WL 3288173, at *6 (M.D. Pa. June 18, 2020).  If there is not a hearing, then the motion is "under advisement" per subsection (H) as soon as the responses or replies are filed and the motion is then ripe for resolution.  *United States v. Noble*, 509 F. Supp. 3d 399, 406 (W.D. Pa. 2020 (citing *United States v. Greer*, 527 F. App'x 225, 230 (3d Cir. 2013), *vacated on other grounds*, 572 U.S. 1056 (2014)).

Time was excluded between May 30, 2019, and November 15, 2019 due to Defendant's bail application, on which several hearings were held, numerous additional submissions were made by Defendant, and further briefing was ordered by Judge Dickson.  On May 30, 2019, Defendant made an application for bail before Judge Dickson and a hearing was held on the application.  ECF # 20, 21.  Judge Dickson reserved decision on the application, (*see* ECF #21), three additional hearings on the application were held on July 11, 2019, August 5, 2019, and September 5, 2019, and additional materials and briefing were submitted throughout this time period.  ECF # 30, 44, 48.[4]

---

[4] The transcripts of these hearings show that Defendant presented new information on the application at each hearing and that on at least one occasion, Judge Dickson ordered further briefing on issues related to bail:

July 11, 2019 hearing:  "And that's assuming I allow Mr. Batmasian to be a surety. I want to hear the briefing. Okay?  So we've got some more work to do, unfortunately for you, sir, but we need to do this correctly."  Tr. 66:4–18.

August 5, 2019 hearing:  "[B]ecause there has been briefing, I've read through the briefing, and I've talked to Pretrial Services, but I want to make sure I understand who it is you're proposing and in what amounts."  Tr. 5:9–12.

Further, the government first requested a hearing under *United States v. Nebbia*, 357 F.2d 303 (2d Cir. 1966), on July 11, 2019 in connection with Defendant's bail application. [5]   This issue was still pending at the September 5, 2019 hearing, at which point the Court directed Defendant to submit further materials on that issue.[6]  No *Nebbia* hearing was ever held, and thus, time was excluded until the STA due to Defendant's bail application from May 30, 2019 until it was decided and Judge Dickson set conditions of release on November 15, 2019.  *See Henderson,* 476 U.S. at 331 ("It is consistent with this exclusion to exclude time when the court awaits the briefs and materials needed to resolve a motion on which a hearing has been held.").

---

September 5, 2019 hearing:  "At the last hearing, Mr. Halverson or Mr. Foster suggested that if I were inclined to release you, that he would want to look into some of the aspects of the circumstances of properties that you would put up as security . . . .  And I spoke to counsel off the record about how we're going to do that and I am going to give counsel some time. Frankly, I'm going to give your attorney some time to put together that information for the Government.  And then your attorney advised me that there may be—you know, he's been talking to Pretrial Services and there may be some recommendations that are coming down that he would want to put a position on the record on."  Tr. 4:1–15.

[5] At the July 11, 2019 hearing on Defendant's bail application, the government stated "if the Court agreed with the defense on the—on the first issue, then it would be the government's right for there to be a Nebbia hearing on that property.  And that would be the appropriate procedure for the property itself, as opposed to the individual involved."  Tr. 65:9–15.

[6] "[Defense counsel]: One thing, Your Honor. When I submit the information concerning the Nebbia, may I also submit case law in relation to the monitoring or the restrictions on computer use and lack of employment, as well?  THE COURT: Absolutely. You're, yeah, absolutely you're entitled to do that. And if you want to put in any argument on—more on the Nebbia issues, because if there is a disagreement here, I want to know what it is.  [Defense counsel]: Absolutely."  Tr. 14:8–16.

In addition to Defendant's bail application, further motions excluded time under the STA.  On September 30, 2019, the government filed a motion for protective order and time under the STA was excluded until October 3, 2019, when the motion was granted.  ECF # 60, 67.  Defendant also filed a motion to compel production of affidavits on October 14, 2019.  Time under the STA was also excluded for the purposes of the motion to compel until November 13, 2019, when the motion was denied.  ECF # 68, 80.

As noted above, Defendant's bail application was finally decided on November 15, 2019.  ECF # 86.  Had a continuance order not been in place, eleven days of non-excludable time would have elapsed between November 15, 2019 and the government's motion for reconsideration on Defendant's bail application on November 26, 2019.  ECF # 82.  A hearing on the motion for reconsideration was held on December 16, 2019, ECF # 88, after which at least 30-days of time was excluded under the STA until January 15, 2019.  Had a continuance order not been in place, at most, eight days of non-excludable time would have elapsed between January 15, 2020, and the Court's continuance order on January 23, 2020.

Thus, even if the Court had not entered continuances that excluded time under the STA between June 27, 2019, and January 23, 2020, which as discussed above, were in place, due to motion practice alone, only 26 days of non-excludable time would have elapsed between May 23, 2019, and January 23, 2020.

13

## **CONCLUSION**

Defendant has failed to allege a STA expiration between April 9, 2019 and January 23, 2020. As explained above, due to continuances and motion practice, only a total of eight days of non-excludable time have elapsed between April 9 and January 23, 2020. Thus, Defendant's motion to dismiss the indictment due to an alleged STA violation should be denied.

For the reasons discussed above, Defendant's motion to dismiss due to an alleged expiration of the STA clock should be denied.

Dated: May 6, 2022

Respectfully Submitted,

PHILILP R. SELLINGER
United States Attorney

JOSEPH S. BEEMSTERBOER
Acting Chief
Criminal Division, Fraud Section
U.S. Department of Justice

_/s/ Darren C. Halverson_

By: JACOB FOSTER
Assistant Chief
DARREN C. HALVERSON
Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice