

U.S. Department of Justice

*Criminal Division*
*Fraud Section*

_____

*970 Broad Street, 7th floor*      973-645-2700
*Newark, New Jersey 07102*

June 10, 2022

**VIA ECF & ELECTRONIC MAIL**

Honorable Madeline Cox Arleo
U.S. District Judge
U.S. District Court – District of New Jersey
M.L.K., Jr. Fed. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

>    **Re:**   *United States v. Creaghan Harry*, **Crim. No. 19-246 (MCA) – Supplemental Authority Regarding Defendant's Motion to Dismiss Under the Speedy Trial Act**

Dear Judge Arleo:

  We write to update the Court regarding supplemental authority from the Court of Appeals for the Third Circuit concerning the interpretation of the Speedy Trial Act (the "STA"), 18 U.S.C. 3161, *et seq*. This letter-brief supplements the government's opposition to defendant's motion to dismiss the superseding indictment under the STA. *See* ECF # 253. The Third Circuit issued an opinion on May 26, 2022, in *United States v. Nakia Adams,* No. 15cr580, 19-1811 & 19-2574, in which it rejected a defendant's claim that the district court had violated the STA in his case. *Adams*, a copy of which is appended hereto, offers two points relevant for the Court's consideration here.

  First, *Adams* makes clear that, as the government argued in opposition, a court need not recite the statutory language of the STA when granting a continuance in order to properly exclude time under the "ends-of-justice" provision in the STA. Specifically, the Third Circuit held that:

> [A] district court may enter a continuance without citing the Act or referencing the ends of justice "so long as the court explains a valid factual basis for the continuance on the record" and in a manner that shows the court "balanced the interests of the public and of all of the defendants." What a district court cannot do is exclude time

through a continuance "without either stating the factual basis" for doing so or "using language that invokes" the statute.

*Adams*, slip op. at 13-14 (citations omitted).  Here, as explained in the government's opposition, the Court clearly weighed the relevant factors at the October 3, 2019 status conference when setting the next status conference for January 10, 2020.  *See* ECF # 253 at 7–8.  Defendant in his reply acknowledged that the Court need not recite the precise language of the STA, however, he asserted that the Court failed to properly exclude time under the STA because it failed to utter the word "continuance."  *See* ECF # 257 at 5 ("What the Government fails to appreciate is that this Court did not mention the word "continuance" either.  In other words, while the Court scheduled the next hearing date 90-days away for discovery review purposes, an actual order of continuance was never entered for that period of time, either orally or otherwise.").  The Third Circuit in *Adams*, however, clarified that the STA analysis is not talismanic, and the Court need not say the word "continuance," but rather the Court is merely required to articulate reasons for setting a later date, which is sufficient to toll the STA.  Accordingly, the Third Circuit found the district court's continuance language in that case, set forth below, to be sufficient.

> I'm going to appoint counsel, and then schedule a future status hearing, so that we can all get together and [] Mr. Adams [] and his counsel can tell us what they've done so far, what they need to do, what they want to schedule in the future, and possibly pick a trial date at that point in time . . . . Because there still are, as I see it, some outstanding discovery issues.

*Adams*, slip op. at 14.  Adams therefore supports the government's position that setting a new date while considering the relevant STA factors, such as time for preparation for trial, as the Court did at the October 3, 2019 status conference, is sufficient to toll the clock STA.

Second, the Third Circuit confirmed the government's understanding of when motions practice tolls the STA clock.  The Third Circuit explained that although the filing of a pretrial motion will ordinarily toll the speedy trial clock, once a hearing is held on a pretrial motion and the motion is "under advisement," only 30 days may be further tolled after the hearing.  However, the Third Circuit further clarified that, "it would be illogical 'to exclude . . . all the time prior to the hearing . . . but not the time during which the court remains unable to rule because it is awaiting the submission by counsel of additional materials,' [therefore] the clock remains tolled up to thirty days beyond the court's receipt of any post-hearing submissions that are needed to 'proper[ly] dispos[e] of the motion.'" *Adams*, slip op. at 18.  As the government argued in opposition, the bail proceeding required additional briefing and supplemental materials, which tolled the speedy trial clock until the defendant's motion for pretrial release was

fully briefed and ready for decision on November 15, 2019.  *See* ECF # 253 at 11.

     For these reasons, as well as those set forth in the government's opposition, the government respectfully requests that Defendant's motion to dismiss due to an alleged expiration of the STA clock be denied.

                          Respectfully submitted,

                          PHILIP R. SELLINGER
                          United States Attorney

                          By: */s/ Darren C. Halverson*
                          Jacob Foster
                          Assistant Chief
                          Darren C. Halverson
                          Trial Attorney

CC: Isaac Wright, Jr., Esq. (VIA ECF)

Attachment