UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 19-cr-246 (MCA) |
| v. | ORDER ON PENDING MOTIONS |
| CREAGHAN HARRY, *et al.*, | |

This matter having come before the Court on the motions of defendant Creaghan Harry for an order dismissing the superseding indictment filed on August 10, 2021, for violation of the Speedy Trial Act (ECF # 247), and for an order unsealing the Grand Jury transcripts for the superseding indictment (ECF # 244),

IT IS THE FINDING OF THE COURT that the motions should be denied for the following reasons:

1. The Speedy Trial Act time did not begin until the defendant appeared in the United States District Court for the District of New Jersey on or about May 23, 2019, *see* 18 U.S.C. § 3161(c)(1);

2. The Speedy Trial Act time was tolled during the extensive litigation surrounding defendant's motion for pretrial release, *see* 18 U.S.C. §§ 3161(h)(1)(D) and (H);

3. The continuance entered on October 3, 2019, by the Court did not specifically state that time was excluded "under the STA" or include the words

1

"end of justice," however the Court made a proper ends of justice finding in determining that the discovery was voluminous and would take defendant time to review and, to the extent it is necessary, the Court clarifies that the October 3, 2019 continuance order held that the ends of justice served by the granting of the continuance outweighed the best interests of the public and the Defendant in a speedy trial, as, among other things, the failure to grant a continuance would have denied counsel for the Defendant and counsel for the Government the reasonable time necessary for review of discovery and effective preparation for trial, taking into account the exercise of due diligence;

4. Fewer than 70 days have elapsed from the Speedy Trial Act time permitted before trial;

5. The standard for unsealing a grand jury transcript is a high bar in that defendant must show that "a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury, *see* Fed. R. Crim. P. 6(e)(3)(E)(ii);

6. The defendant has not identified any such ground. Defendant's motion did not identify any exculpatory evidence that might have been withheld from the grand jury; and

7. For the further reasons stated on the record on August 18, 2022; it is therefore, on this 30th day of August 2022,

ORDERED that defendant's motion to dismiss the superseding indictment for violation of the Speedy Trial Act (ECF # 247) is denied; and

ORDERED that defendant's application to unseal the grand jury transcript (ECF # 244) is denied.

_____
Honorable Madeline Cox Arleo
United States District Judge